IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bodum USA, Inc., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 16 C 2916 |
| A Top New Casting Inc., | ) ) ) | |
| Defendant. | ) | |

**CORRECTED**
**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Bodum USA, Inc., ("Bodum") has sued A Top New Casting Inc., ("A Top") for trade dress infringement. Bodum alleges that A Top infringed Bodum's CHAMBORD® trade dress. Bodum asserts claims for violation of the Lanham Act, 15 U.S.C. § 1125(a) (Count 1), common law unfair competition (Count 2), and violation of the Illinois Deceptive Trade Practice Act (Count 3). In response, A Top has filed a two-count counterclaim, seeking a declaratory judgment of invalidity, unenforceability, or noninfringement of Bodum's trade dress. Bodum has moved to dismiss the counterclaim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Bodum's motion.

**Background**

The Court starts with the basic background allegations in Bodum's complaint. Bodum sells designer specialty housewares, including nonelectric French press coffeemakers under the federally registered trademark CHAMBORD®. Bodum's

CHAMBORD® coffeemaker has a unique appearance that, Bodum alleges, consumers recognize as originating from Bodum. The metallic stand, handle design, and dome-shaped lid are some examples of what Bodum cites as CHAMBORD's® allegedly distinctive characteristics.

A Top sells and promotes household goods, including nonelectric coffeemakers, throughout the United States. Bodum alleges in its complaint that A Top promoted and advertised a nonelectric French press coffeemaker, the SterlingPro French Coffee Press, that looks confusingly similar to Bodum's CHAMBORD® coffeemaker. Bodum alleges that A Top deliberately adopted a confusingly similar design to capitalize on Bodum's goodwill. As indicated earlier, Bodum asserts claims of trade dress infringement, unfair competition, and violation of the Illinois Uniform Deceptive Trade Practices Act.

A Top has filed a two-count counterclaim against Bodum. In count one, A Top asks for a declaratory judgment that Bodum's trade dress is invalid and unenforceable. In count two, A Top asks for a declaratory judgment that it has not infringed any of Bodum's trade dress rights. Bodum has moved to dismiss the counterclaim under Rule 12(b)(6).

## Discussion

Bodum argues that A Top's counterclaim should be dismissed because it essentially is nothing more than the mirror image of Bodum's claims that A Top infringed a valid trade dress. Bodum argues that adjudication of Bodum's claims alone will resolve the parties' dispute and that the counterclaim adds nothing to the case.

The purpose of a declaratory judgment is to "clarify [ ] and settl[e] the legal

relations at issue" and to "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987). "It is well settled that the federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction." *Id*. at 747. "Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action 'serve[s] no useful purpose" because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated." *Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002) (quoting *Tempco*, 819 F.2d at 749).

A declaratory judgment may be refused if "it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein." *Yellow Cab Co. v. City of Chicago*, 186 F.2d 946, 950 (7th Cir. 1951). That is the case here. A Top's counterclaim essentially presents nothing more than the flip side of Bodum's claims. The counterclaim adds nothing to the case beyond the issues that Bodum's claims call upon the Court to adjudicate.

A Top argues that the counterclaim should not be dismissed because it involves a dispute that will remain alive even after Bodum's claims are disposed of. For example, A Top argues, if the Court rules that A Top has not infringed Bodum's trade dress, the issue of the validity of that trade dress will remain unadjudicated absent the counterclaim. Conversely, if the Court finds Bodum's trade dress invalid or unenforceable, the issue of infringement will not necessarily be adjudicated through Bodum's claims. Either way, A Top argues, it may remain vulnerable to future litigation relating to Bodum's trade dress.

3

The problem with A Top's argument is that a finding in its favor on either infringement or validity will end the parties' present dispute, which is the only controversy properly before the Court. The theoretical possibility of a future controversy involving Bodum's trade dress and some other A Top product does not change things. In this regard, A Top is essentially seeking an inappropriate advisory opinion, that is, "a decision that does not resolve an actual case or controversy." *People of State of Ill. ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 941 (7th Cir. 1983). Indeed, A Top argues that the Court should find Bodum's trade dress was invalid to preclude it from claiming infringement against any of A Top's future products or those of other competitors. *See* Def.'s Opp'n to Pl.'s Mot. to Dismiss at 5. A Top may not, however, obtain a declaratory judgment that "would merely determine a collateral legal issue governing certain aspects of . . . pending or future suits." *Calderon v. Ashmus,* 523 U.S. 740, 747 (1998). "Rather than use the mark, get sued, and fight it out in court, [A Top is] saying, 'We would like to use the mark, but before we do, we want a court to say we may do so safely.'" *Windsurfing Int'l Inc. v. AMF Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987). That would be an inappropriate advisory opinion.

In sum, A Top's counterclaim is the mirror image of Bodum's claim and is therefore unnecessary. If there is more to the counterclaim than that, it seeks to obtain an impermissible advisory opinion regarding potential future disputes.

**Conclusion**

The Court grants Bodum's motion to dismiss A Top's counterclaim [dkt. no. 16].

_____
MATTHEW F. KENNELLY
Date: August 22, 2016 (corrected Aug. 23, 2016)     United States District Judge

4