**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BODUM USA, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16 C 2916** |
| | ) | |
| **A TOP NEW CASTING, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>INSTRUCTIONS TO THE JURY</u>**

Date:  April 3, 2018

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially. Each party to the case is entitled to the same fair consideration.

Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's national origin, race, color, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

To the extent that these instructions differ from the instructions that I read you at the beginning of the case, the instructions that I am giving you now are the ones that govern your consideration of this case.

1

The evidence consists of the testimony and the exhibits.

Certain testimony was presented to you by the playing of a deposition. You should give this testimony the same consideration that you would give it if the witness had appeared and testified here in court.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

Certain things are not evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

4

Certain slides and charts were shown to you during the testimony of the witnesses and during the lawyers' opening statements, and others will be shown during the lawyers' closing arguments, to help explain other evidence that was admitted. These slides and charts are not themselves evidence or proof of any facts, so you will not have them during your deliberations. If any slide or chart that you have been or will be shown does not correctly reflect the facts shown by the evidence, you should disregard it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence. The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the reasonableness of the witness's testimony in light of all the evidence in the case; and

- any inconsistent statements or conduct by the witness.

It is proper for an attorney to meet with any witness in preparation for trial.

You have heard witnesses who gave opinions about certain subjects, including likelihood of confusion, product design, and damages. You do not have to accept the testimony of such a witness. You should judge it in the same way you judge the testimony of any other witness. In deciding how much weight to give to this testimony, you should consider each such witness's qualifications, how the witness reached his opinions, and the factors I have described for determining the believability of testimony.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses. You need not accept the testimony of the larger number of witnesses.

During the cross-examination of witness Robert Anders, he was shown certain pages from certain patents.  I have excluded those patents from the evidence in this case.  You are not to consider them for any purpose.

**The parties and the claims**

The plaintiff in this case is Bodum USA, Inc.  I will refer to it as Bodum.

The defendant in this case is A Top New Casting, Inc.  I will refer to it as A Top.

Bodum claims that A Top infringed Bodum's "Chambord" trade dress.

A trade dress is a type of trademark used by a company to identify its product, to distinguish its product from those manufactured or sold by others, and to indicate the source of its product.  The term "trade dress," as used in this case, refers to the total image of a product design.

The purpose of trademark law is to prevent confusion among consumers about the source of products and to permit trademark and trade dress owners to show ownership of their products and control their products' reputation.

Bodum claims that A Top infringed Bodum's Chambord trade dress, which consists of the design of Bodum's Chambord French press coffee maker.  Bodum claims that the public is likely to believe that A Top's SterlingPro product is in some way affiliated with Bodum or sponsored by Bodum.

A Top denies Bodum's claim.  It contends that Bodum does not have a trade dress that is protectable under trademark law.  A Top also contends that Bodum abandoned its claimed trade dress by the lack of quality control in connection with certain products produced and sold by a company called BonJour, which had a license from Bodum.  Bodum denies this contention by A Top.

11

**Preponderance of the evidence**

In these instructions, I will use the term "preponderance of the evidence." When I say that a party has to prove a proposition by a preponderance of the evidence, I mean that the party must prove that the particular proposition is more likely true than not true.

**Bodum's claim of trade dress infringement**

Bodum claims that A Top infringed Bodum's trade dress. To succeed on this claim, Bodum must prove the following elements by a preponderance of the evidence:

1.      Bodum's "Chambord" design is a valid trade dress.

2.      Bodum's trade dress is not functional.

3.      A Top used its SterlingPro French press coffee maker in a manner likely to cause confusion as to the source, origin, sponsorship, or affiliation of A Top's SterlingPro French press.

I will explain what I mean by these terms on the next three pages of these instructions.

If you find that Bodum has failed to prove one or more of these elements by a preponderance of the evidence, then you should find in favor of A Top, and you will not consider A Top's defense of abandonment.

If, on the other hand, you find that Bodum has proven each of these elements by a preponderance of the evidence, then you should go on to consider the defense of abandonment alleged by A Top, which you will find on page 17 of these instructions.

13

**Definition of valid trade dress**

A valid trade dress is a product design that is distinctive, which means that the design is capable of distinguishing Bodum's product from the products of others.  In this case, Bodum's trade dress is valid if it has acquired distinctiveness.  This requires Bodum to prove both of the following elements:

1.      A substantial portion of the consuming public identifies Bodum's Chambord design French press with a particular source, whether or not consumers know who or what that source is. The consuming public consists of people who may buy or use, or consider buying or using, the product or similar products.

2.      Bodum's trade dress acquired distinctiveness before A Top first began to use the claimed trade dress.

To decide whether Bodum's claimed trade dress has acquired distinctiveness, you may consider the following:

•       the amount and manner of advertising, promotion, and other publicity of Bodum's product using Bodum's claimed trade dress;

•       the sales volume of Bodum's product using Bodum's claimed trade dress;

•       the length and manner of use of Bodum's claimed trade dress;

•       consumer testimony; and

•       consumer surveys.

14

**Definition of non-functional**

As I have stated earlier, Bodum must prove that its claimed trade dress is not functional.

A trade dress is functional if it is necessary to the operation of the product as a whole. To determine this, you are to consider the following:

• Are there other designs that could perform the function equally well? (If so, this is evidence that the design is not functional.)

• Is there a patent that discloses the practical advantages of the design? (If so, this is strong evidence that the design is functional.)

• Does the design provide a practical advantage? (If so, this is evidence that the design is functional.)

• Has Bodum advertised or promoted the practical advantages of the design? (If so, this is evidence that the design is functional.)

• Does the design result from a comparatively simple, cheap, or superior method of manufacturing the product? (If so, this is evidence that the design is functional.)

To determine whether a product's trade dress is functional, you should consider everything that makes up the trade dress.

15

## Definition of likelihood of confusion

As I have told you, one of the things that Bodum must prove is that A Top used the SterlingPro trade dress in a manner that is likely to cause confusion as to the source, origin, sponsorship, or affiliation of A Top's product.

Bodum must prove a likelihood of confusion among a significant number of people who buy or use, or consider buying or using, the product or similar products. In deciding this, you should consider the following factors:

- Any similarity between the marks in appearance and suggestion;

- Any similarity of the products;

- Any similarity in how, where, and to whom the products are promoted or sold;

- The degree of care likely to be exercised by consumers;

- The strength of Plaintiff's trade dress;

- Any actual confusion; and

- The intent of A Top to "palm off" its product as that of Bodum.

The weight to be given to each of these factors is up to you to determine. No particular factor or number of factors is required to prove likelihood of confusion

16

**A Top's defense - abandonment**

A Top claims that Bodum has abandoned its trade dress. You should consider this instruction only if you have found that Bodum has proven each of the elements of its claim by a preponderance of the evidence.

To succeed on this defense, A Top must prove by a preponderance of the evidence that Bodum allowed others to use its trade dress without exercising reasonable control over the nature and quality of the goods with which the trade dress was used.

if you find that A Top has failed to prove this defense by a preponderance of the evidence, then you should find in favor of Bodum, and go on to consider the question of damages.

If you find that A Top has proven this defense by a preponderance of the evidence, then you should find in favor of A Top, and you will not consider the question of damages.

17

**Damages**

If you decide in favor of Bodum on the question of liability, then you will go on consider the amount of damages to award to Bodum.

If you decide in favor of A Top on the question of liability, then you will not consider the question of damages.

Damages consist of profits that A Top made because of its infringement. I will describe this further on the next page of these instructions.

**Damages – A Top's profits**

Bodum may recover the profits that A Top gained from the trade dress infringement.  Profit is determined by deducting expenses from gross revenue.  Gross revenue is all of the money A Top received due to its use of the trade dress.

Bodum is required only to prove A Top's gross revenue.  A Top is required to prove any expenses that it argues should be deducted in determining its profits.

Bodum is entitled to recover A Top's total profits from its use of the trade dress, unless A Top proves that a portion of the profit is due to factors other than use of the trade dress.

**Willfulness**

If you find that A Top infringed Bodum's trade dress, you will also have to determine whether Bodum has proven that, at the time A Top used the trade dress, A Top acted willfully. A Top acted willfully if it knew that it was infringing Bodum's trade dress or if it acted with indifference to Bodum's trade dress rights.

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter, Instagram, or SnapChat; or by using any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 5-5, or 7-3, or whatever your vote happens to be.

A verdict form has been prepared for you.  You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict.  When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The ten of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**Verdict form**

1.      We, the jury, find as follows on Bodum USA, Inc.'s trade dress infringement claim against A Top New Casting, Inc.:

_____      For Bodum USA, Inc.

_____      For A Top New Casting, Inc.

If you found for Bodum USA, Inc., please proceed to questions 2 and 3.

If you found for A Top New Casting, Inc., please skip questions 2 and 3, and sign and date the verdict form.

2.      State the amount of A Top New Casting, Inc.'s profits, if any, that are to be awarded to Bodum USA, Inc.:  $ _____

3.      Do you find that A Top New Casting's infringement was willful?

_____      Yes

_____      No

Please sign and date this form below.

_____      _____
Presiding juror

_____      _____


_____      _____


_____      _____


_____      _____

Date:  April ___, 2018

25